IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MARIA LORENCITA CHAVEZ,**

    **Plaintiff,**

vs.                                                                **No. CIV 05-396 JP/RLP**

**QWEST, INC.,**

    **Defendant.**

**and**

**ALPHA PEACOCK,**

    **Plaintiff,**

vs.                                                                 **No. CIV 05-446 WFD/RLP**

**QWEST, INC., and**
**SEDGWICK, INC.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter comes before the court in order to determine the scope of discovery permitted in claims arising under §510 of the Employee Retirement Income Security Act (ERISA), §29 U.S.C. 1140 (§1140 herein)[1].

Plaintiffs contend that there should be no limitation on discovery. Defendants argue that the

---

[1] Section 1140 provides that:

It shall be unlawful for any person to discharge ... or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan, ... or the Welfare and Pension Plans Disclosure Act, ... or for the purpose of interfering with the attainment of any right to which such participant may be entitled under the plan ...  The provisions of section 1132 of the title shall be applicable to the enforcement of this section.

court should impose a tiered discovery plan, initially limiting discovery to that necessary to determine if Plaintiffs can establish a *prima facia*[2] case of retaliation or discrimination under §1140, followed by discovery as to the specific intent[3] element of a § 1140 claim. Defendants further argue that only if Plaintiffs survive summary judgment motions regarding their *prima facia* cases, should other discovery be permitted.

I see no reason to limit or tier discovery. Evidence relevant to establishment of each Plaintiff's *prima facia* case may be relevant to the issue of specific intent. Plaintiffs and Defendants agree that this establishment of the specific intent requirement will most likely require application of the the burden shifting analysis of *McDonnell-Douglas Corporation v. Gree*n, 411 U.S. 792, 802-

---

[2]Case law interpreting § 1140 describe different criteria for establishing a *prima facia* case. They are:

1. Membership in a benefit plan;
2. Job performance at a level that meets the employer's legitimate expectations;
3. An adverse employment decision; and
4. Some evidence which establishes a causal connection between the employment decision and membership in the benefit plan.

*See Fleming v. Borden* 829 F.Supp. 160 (D. S. C. 1992).

1. Claimant belongs to a protected class, and
2. Meets qualifications for the job description, and was
3. Discharged or denied employment under circumstances that provide some basis for believing the prohibited intent to retaliate was present.

*See Hite v. Biomet, Inc.*, 38 F.Supp. 2d 720, 730 (N.D. Ind. 1999).

1. Prohibited employer conduct;
2. Taken for the purpose of interfering;
3. With the attainment of any right to which the employee may have become entitled.

*See De Witt v. Penn-Del Directory Corp.,* 106 F.3d 514, 522 (3rd Cir. 1997), *Humphreys v. Bellaire, Corp.*, 966 F.2d 1037, 1043 (6th Cir.1992)(c*iting Gavalik v. Continental Can Co.*, 812 F.2d 834, 852 (3rd Cir.1987), *cert. denied*, 484 U.S. 979, 108 S.Ct. 495, 98 L.Ed.2d 492 (1987)).

[3]Plaintiffs will ultimately be required to prove by a preponderance of the evidence that Defendants actions were motivated by an intent to interfere with employee benefits protected by ERISA, P*helps v. Field Real Estate Co.*, 991 F.2d 645, 649 (10th Cir. 1993).

804 (1973). Delaying the discovery necessary under the burden shifting analysis will only unnecessarily delay resolution of these cases.

It is hereby ordered that discovery in these cases matter shall commence forthwith, without limitation. Discovery shall be completed on March 3, 2006.

Richard L. Puglisi
United States Magistrate Judge